```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**KENNETH JAY STILL,**

                   **Plaintiff,**

     v.                                     CASE NO. 08-3309-SAC

**SHELTON RICHARDSON, et al.,**

                   **Defendants.**

### MEMORANDUM AND ORDER

This matter is a civil action filed by a prisoner in federal custody. Previously, the court entered an order directing plaintiff to show cause why this matter should not be dismissed. Plaintiff filed a response to that order. Having considered the record and applicable case law, the court concludes this matter must be dismissed.

**Background**

Plaintiff was placed in the Leavenworth, Kansas, detention facility operated by the Corrections Corporation of America (CCA) as a federal prisoner. Pending a classification decision, he was placed in the facility's Z housing pod unit. Authorities later classified him as a sexual predator based upon an untried charge of statutory rape and transferred him to the N pod. During the relevant time, prisoners assigned to the N pod were segregated but took meals in a dayroom in view of the general population. As a result, the N pod prisoners were subjected to verbal taunts and threats. Plaintiff seeks damages based upon this exposure.

By its earlier order, the court dismissed plaintiff's claim for injunctive relief due to his release from the CCA facility and directed him to show cause why this matter should not be dismissed for lack of jurisdiction over his claim against the individual employees of a private corporation.

Plaintiff filed a timely response in which he contends that jurisdiction is proper.

### Discussion

The United States Supreme court recently held that a *Bivens* remedy is not available to a prisoner seeking relief against the employees of a private prison. In *Minneci v. Pollard*, ___ U.S. ___, ___, 132 S.Ct. 617, 626 (U.S. Jan. 10, 2012), the Court stated:

> [W]here ... a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law ... the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case. *Id*.

The federal courts are courts of limited jurisdiction, and, where a court determines that it lacks jurisdiction, it "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Because the court concludes that plaintiff has an adequate

remedy under state law to address his claims, the present action is subject to dismissal.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

DATED: This 14th day of February, 2012, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge